UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------
IN RE:                                    )    CHAPTER 7
                                          )
SCOTT SAWYER,                             )    CASE NO. 13-22062 (ASD)
                                          )
           DEBTOR.                        )
------------------------------------------------------
                                          )
CORRINE SAWYER,                           )    ADV. PRO. NO. 14-2013
                                          )
           PLAINTIFF,                     )
VS.                                       )    RE: ADV. ECF NO. 17 & 23
                                          )
SCOTT SAWYER,                             )
                                          )
           DEFENDANT.                     )
------------------------------------------------------

APPEARANCES:

Terry Donovan, Esq.                       Attorney for Plaintiff
123 Elm Street–Unit 400
P.O. Box 554
Old Saybrook, Connecticut 06475

James C. Mulholland, Esq.                 Attorney for Debtor/Defendant
202 West Road
Salem, Connecticut 06420

_____

**MEMORANDUM OF DECISION AND ORDER
ON A COURT-CONVERTED MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, United States Bankruptcy Judge

## I. INTRODUCTION

The matter before the Court arises from unusual circumstances at the intersection of a state court divorce action (hereinafter, the "Divorce Action") and the Debtor's chapter 7 bankruptcy case (hereinafter, the "Bankruptcy Case") where the Court finds itself facing the question of whether a debt of the Debtor to his mother-in-law discharged in the Bankruptcy Case has effectively become, by operation of the terms of a separation agreement (hereinafter, the "Settlement Agreement") in the Divorce Action, a debt of the Debtor incurred to his former wife that is nondischargeable pursuant to Bankruptcy Code Section 523(a)(15).

In the Divorce Action, through the Settlement Agreement which was incorporated into a divorce judgment, the husband, Scott Sawyer (heretofore and hereinafter, the "Debtor"), and the wife, Corrine Sawyer (hereinafter, the "Plaintiff"), terminated their marriage. In the Separation Agreement the Debtor agreed, *inter alia*, (i) to be solely responsible for two promissory notes (collectively, hereinafter, the "Notes") representing two monetary loans totaling approximately $86,600 received from his mother-in-law, Ann Crotty (hereinafter, "Mrs. Crotty"), and (ii) to indemnify and hold harmless the Plaintiff regarding those Notes.

Within a year following the Settlement Agreement the Debtor filed for bankruptcy relief under chapter 7, and received in the Bankruptcy Case a general discharge of his debts (hereinafter, the "Discharge"). In accordance with the Bankruptcy Code, the Discharge was applicable to Mrs. Crotty and discharged the remaining balance of approximately $61,000 of the Debtor's monetary obligation to her.

2

Through the Complaint which commenced this adversary proceeding the Plaintiff, relying on the indemnification and hold harmless language in the Separation Agreement, seeks a determination that the monetary balance on the Notes is a debt that is non-dischargeable *as to her* as a "former spouse" as a debt incurred by the Debtor in the course of a divorce or separation or in connection with a separation agreement under Bankruptcy Code §523(a)(15).

Incident to and noting the somewhat odd circumstances attending this proceeding, the Court made a preliminary determination that to accord the Plaintiff the nondischargeability relief she seeks against the Debtor requires her to establish, in addition to the requisite elements of §523(a)(15), a valid indebtedness to Mrs. Crotty so that the remaining balance on the notes would be recoverable by a non-collusive judgment by Mrs. Crotty against her in state court. Thereafter, Mrs. Crotty filed a complaint against the Plaintiff in state court requesting that relief (hereinafter, the "State Court Action").

As discussed in more detail hereinafter, the Court, *inter alia*, (i) has converted a motion to dismiss the Complaint filed by the Debtor to one for summary judgment, and (ii) will enter summary judgment in favor of the Plaintiff determining a debt of the Debtor to the Plaintiff nondischargeable *limited* to the extent to which the Connecticut Superior Court in the State Court Action determines the Plaintiff to have monetary liability to Mrs. Crotty on the remaining balance on the Notes.

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28

U.S.C. §§ 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(I).

### III. DETAILED PROCEDURAL HISTORY AND BACKGROUND

On October 6, 2013, the Debtor commenced the Bankruptcy Case (No. 13-22062) by the filing of a voluntary petition under chapter 7 of the United States Bankruptcy Code, and received therein a general discharge.[1] On March 14, 2014, the Plaintiff commenced the instant Adversary Proceeding (No. 14-2013) by the filing of a two-count complaint (heretofore and hereinafter, the "Complaint") requesting in Count One that the Court determine nondischargeable pursuant to United States Bankruptcy Code Sections 523(a)(5) and/or 523(a)(15) a certain debt to her incurred by the Debtor.[2]

The Complaint addressed an unsecured, undisputed debt of the Debtor for approximately $61,000 owed to Mrs. Crotty, the Plaintiff's mother and the Debtor's former mother-in-law, listed by the Debtor on Schedule F (Creditors Holding Unsecured Nonpriority Claims), ECF Nos. 1 and 19.[3] That debt is represented by two partially paid promissory notes, one obtained in 2002 in the original amount of $55,000 (hereinafter, the "First Note"), Exhibit A[4], and the other obtained in 2008, in the original amount of $31,600

---

[1] The deadline for filing a complaint objecting to the entry of a discharge under §727, or to challenge the dischargeability of certain debts pursuant to §523(a)(2), (4) or (6), was January 13, 2014, ECF No. 2. No objections were filed, and the Debtor received his general discharge on January 15, 2014, ECF No. 29.

[2] In Count Two, the Plaintiff sought a determination that any future attorneys' fees awarded by the Connecticut Superior Court in connection with a contempt proceeding in that court, be determined non-dischargeable. At a preliminary non-evidentiary hearing on the Motion to Dismiss held August 7, 2014, the Plaintiff agreed that the Count Two of the Complaint could be dismissed.

[3] "ECF No. __" refers to the docket of Case No. 13-22062; "Adv. ECF No. __" refers the docket of Adversary Proceeding No. 14-2013.

[4] Exhibits designated alphabetically denote Plaintiff's exhibits; exhibits designated numerically denote Debtor's exhibits.

(hereinafter, the "Second Note") (collectively, the "Notes"[5]), Exhibit B.

Through the Divorce Action the Plaintiff and the Debtor terminated their marriage through the Separation Agreement dated November 21, 2012, incorporated into the Plaintiff's and Debtor's Dissolution of Marriage Judgment (hereinafter, the "Divorce Judgment"), Exhibit 1, and approved by the Superior Court that same day. The relevant language of the Separation Agreement provides, "[s]pecifically, Husband shall be solely responsible for . . . *the two (2) promissory notes payable to Ann Crotty; and shall indemnify and hold harmless wife re same.*" Exhibit 1, ¶ 10, p. 15 (emphasis added).

Through Count One of the Complaint, the Plaintiff seeks the Court's determination that in light of the terms of the above-referenced provision of the Separation Agreement the Debtor's discharged debt to Mrs. Crotty[6] is also a debt that is non-dischargeable *as to the Plaintiff* as a debt to a "former spouse . . . incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record" as provided in Bankruptcy Code §523(a)(15). On June 30, 2014, the Debtor responded to the Complaint by filing an *Answer and Special Defenses*, Adv. ECF No. 16, in which, as to Count One, he averred he had no obligation to pay the

---

[5] On the Debtors' Financial Affidavit filed in connection with the parties divorce, Exhibit 3, the Debtor indicated that the balance due was $30,000 on the First Note, and $31,000 on the Second Note. The Plaintiff asserts in her Adversary Complaint that the present balance due on both Notes is $61,932.86. Mrs. Crotty filed a timely proof of claim for $62,680.34, Claim No. 5-1. The discrepancy between the different numbers has not been explained. The First Note required periodic monthly payments over 15 years with an annual interest rate of 8%. The Second Note required the payment of interest only over the 5 year term of the loan at an annual interest rate of 6% and called for a balloon payment of the principal amount of the loan on June 1, 2013. The Plaintiff has not asked this Court to determine the exact amount of the remaining balance on the Notes.

[6] As already noted, the Debtor's unsecured obligation under the Notes to Mrs. Crotty was discharged when he received his general discharge from the Court on January 15, 2014. While Mrs. Crotty had been free prior to that date to file her own non-dischargeability complaint against the Debtor under Bankruptcy Code §523, *et. seq.*, she did not choose to do so.

5

debt to Mrs. Crotty in the Separation Agreement but only to assume responsibility for the debt and that the debt was not owed to the Plaintiff as a "former spouse."

Thereafter, on July 14, 2014, the Debtor filed a *Motion to Dismiss or Alternatively Motion for Judgment on the Pleadings* (hereinafter, the "Motion to Dismiss"), Adv. ECF No. 17, and on August 5, 2014, the Plaintiff filed *Plaintiff Corrine Sawyer's Response to Defendant's Motion to Dismiss or for Judgment on the Pleadings* (hereinafter, the "Response"), Adv. ECF No. 23. While in his pleadings the Debtor initially asserted that the "indemnity" or "hold harmless" provisions in the Separation Agreement had been discharged by his bankruptcy, at a preliminary hearing held August 7, 2014, he represented that he was no longer pursuing that argument and conceded as he must as a matter of law, that an indemnify or hold harmless provision contained in a Separation Agreement such as here, is non-dischargeable in bankruptcy.

At a continued non-evidentiary hearing held October 2, 2014 (hereinafter, the "October 2 Hearing"), the Court made a preliminary determination that unless the Plaintiff could establish that she is validly indebted to Mrs. Crotty so that the liability would be recoverable by a non-collusive judgment against her in a court of law, then she cannot prevail under §523(a)(15) as a debt owed by the Debtor to the Plaintiff as a former spouse under the indemnify or hold harmless provision contained in the Separation Agreement. That finding is noted in the Court's October 2, 2014 *Order Setting Evidentiary Hearing to Further Consider Defendant's Motion to Dismiss Adversary Proceeding* (hereinafter, the "October 2 Order"), Adv. ECF No. 30, entered October 2, 2014.[7]

---

[7]"[T]he Court has determined that said liability to Ann Crotty is not a non-dischargeable liability of the Debtor within the meaning of 11 U.S.C. §523(a)(15), *unless* said liability is also owed by the Plaintiff to

6

The October 2 Order scheduled a hearing for October 30, 2014 to provide the Plaintiff an opportunity she requested to present such evidence and law as is necessary to establish the Plaintiff's own liability to Ann Crotty for the relevant debt. In the interim, however, on October 21, 2014, Mrs. Crotty commenced the State Court Action by filing a complaint against the Plaintiff in the Superior Court, Exhibit D, seeking therein to establish the Plaintiff's liability to repay her the balance on the Notes. The State Court Action complaint was filed in two counts: the first, for breach of an oral agreement, and the second, for unjust enrichment.[8]

On October 30, 2014, the Court held the evidentiary hearing (hereinafter, the "Evidentiary Hearing"), at which it admitted documentary evidence and heard testimony from witnesses. On November 6, 2014, the parties telephonically presented oral arguments in support of their respective positions. No party sought to file any additional supporting briefs or pleadings. At the conclusion of oral argument, the matter was taken under advisement.

Nevertheless, a few days later, on November 10, 2014, the Plaintiff filed *Movant's Motion for Order*, Adv. ECF No. 34, in which the Plaintiff asked the Court to consider a new

---

Ann Crotty and would be recoverable by a judgment against her in a court of law; *see Stanley v. Stanley (in re Stanley),* 2013 Bankr. LEXIS 1239 *16-17 (Bankr. N.D. Ala., March 29, 2013) ('to deny [the debtor's] right to discharge debts for which [the debtor's ex-wife] is not jointly liable would not serve to accomplish the purpose of the marital debt provisions of the divorce decree which is to keep her from having to pay debts she would otherwise be responsible for')." October 2 Order, pp. 1-2 (emphasis added).

[8]Although the Debtor asserts in his Memorandum of Law, p. 4, that "[i]t was not until the court entered its [December 12, 2014 Order Requiring . . . Post-Trial Briefs, ECF No. 36] that the issue of unjust enrichment is raised -- *sua sponte,* as it were", in fact, as noted, the claim of unjust enrichment was raised through the Plaintiff's introduction into evidence of the Complaint filed by Mrs. Crotty against the Plaintiff. In any case, the Debtor was given additional time by the Court to respond in writing to the issue of unjust enrichment. Moreover, in accordance with this Memorandum of Decision, the claim of unjust enrichment is to be determined by the Superior Court.

argument, that the "debt" to Ann Crotty to which the Debtor agreed to hold the Plaintiff harmless, was not discharged because the Plaintiff was not listed as a creditor on the Debtor's bankruptcy schedules in connection with the debt to Ann Crotty or the "hold harmless provision."  On November 13, 2014, the Debtor filed an *Objection to Plaintiff's Motion for Order*, Adv. ECF No. 35, in which he principally argued that it was both too late for the Plaintiff to add an argument not raised before the Evidentiary Hearing and that the Plaintiff's own failure to list as hers the obligation to repay Mrs. Crotty in a Financial Affidavit dated November 21, 2012 (hereinafter, the "Financial Affidavit") she filed at Superior Court on the same day the divorce entered, Exhibit 2, was evidence that the Plaintiff did not believe that she had any such obligation and that her failure to list the debt in light of her present claim was a material misrepresentation of fact warranting a denial of her Complaint on the grounds of "unclean hands."[9]

On December 12, 2014, the Court entered an *Order Requiring Plaintiff and Debtor/Defendant to File Post-Trial Briefs*, Adv. ECF. No. 36, limited to the question which, upon its review of the evidence and exhibits, the Court deemed important to its judgment,

---

[9]Without the necessity of giving consideration to the appropriateness of the Plaintiff's attempt to assert a new legal argument following the conclusion of the Evidentiary Hearing  (as well as the new claim of "unclean hands"  asserted by the Debtor in response), the Court can quickly dispose of the new arguments.  It is settled law that unless a Debtor did not know of the bankruptcy in time to file either a non-dischargeabillity proceeding and/or a proof of claim, the failure of the Debtor to list a particular debt on the schedules does not affect the dischargeability of that debt.  In this case, the Plaintiff was scheduled as a creditor, *albeit* for another debt and Terry Donovan, Esq., her attorney, was also listed as a creditor, and both were sent a copy of the *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines*, ECF No. 6, by the Bankruptcy Court on October 9, 2014, prior to both the deadline for the bringing of a non-dischargeability complaint and for the filing of a proof of claim. *See* fn.2, *supra*, Bankruptcy Code §523(3)(A) and (B), and *In re Rollinson*, 273 B.R. 352, 353 (Bankr. D. Conn. 2002 ("the dischargeability of a debt to an omitted creditor is determined solely by reference to the standards of Section 523(a)(3))."
     The Debtor's argument that the Plaintiff's failure to list the debt to Mrs. Crotty on her financial affidavit in connection with her divorce was evidence of her belief that she had no such obligation, and therefore, was guilty of 'unclean hands," is not relevant to a determination of the Plaintiff's liability to repay a debt to a third person who was not a party to the divorce.

8

"whether the Plaintiff is validly indebted to Mrs. Crotty, so that the liability would be recoverable by a non-collusive judgment against the Plaintiff in a court of law under a claim of unjust enrichment?" In response thereto, on January 8, 2014, the Plaintiff filed *Plaintiff Corrine Sawyer's Post-Trial Brief* (hereinafter, "Plaintiff's January 8 Memorandum "), Adv. ECF No. 38, and on January 9, 2015, the Debtor filed *Defendant's Memorandum of Law* (hereinafter, "Debtor's January 9 Memorandum"), Adv. ECF No. 39. The Motion is now ripe for resolution.

## IV.  SUMMARY JUDGMENT PROCEEDINGS

*A. The Motion Before the Court Must Be Treated as a Motion for Summary Judgment.*

    1. *Rule 12(d) of the Federal Rules of Civil Procedure*.

The matter presently before the Court was initially triggered by the filing by the Debtor of the Motion to Dismiss seeking, *inter alia*, dismissal of the Complaint. However, because at the outset the Debtor argued that the Plaintiff had no liability for the debt at issue and as a consequence matters outside of the pleadings were presented by the parties and not excluded by the Court, the Court has determined that the Motion should be treated as one for summary judgment under Fed. R. Civ. P. 56 as required by Fed. R. Civ. Pro. 12(d) (applicable to this proceeding pursuant to Fed. R. Bankr. P. 7012), which provides:

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In accordance with the language of Rule 12(d), under usual circumstances, the Court, upon notification to parties that it intends to consider a matter as one for summary

judgment, must provide the parties a reasonable opportunity to submit additional material pertinent to a Rule 56 motion. Here, however, the parties were early in this case put on notice that the Court intended to consider factual matters outside of the pleadings and cannot claim surprise in the Court's conversion of the Motion into one for summary judgement. *See In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S. Ct.195, 89 L. Ed. 2d 310 (1986):

> The district court's conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of substance rather than form. The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings. Resolution of this issue will necessarily depend largely on the facts and circumstances of each case.

"There, the district court converted a motion to dismiss into a motion for summary judgment only after a hearing at which the non-moving plaintiffs had commented on extrinsic evidence provided by both them and the defendants, and only after the plaintiffs had requested and received an extension of time to submit additional materials. *See G. & A. Books*, 770 F.2d at 295." *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 69 (2d Cir. 2008). Likewise here the Plaintiff and the Debtor were given an opportunity to, *inter alia*, supplement the record and introduce witnesses and testimony to buttress their relative positions including, *inter alia*, whether the Plaintiff was liable for the balance of the debt to Mrs. Crotty.

Under these circumstances the Motion "must be treated as one for summary judgment under Rule 56" pursuant to Rule 12(d).

2. *Summary Judgment Standards*

Federal Rule of Civil Procedure 56(a), made applicable to these proceedings by

Federal Rule of Bankruptcy Procedure 7056, directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment'.". *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). Upon consideration of a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249; *see also*, *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). Further, summary judgment may be rendered in favor of either party. *Cf. Coollick v. Hughes*, 699 F.3d 211, 218 (2d Cir. 2012) citing, *Lowenschuss v. Kane*, 520 F.2d 255, 261 (2d Cir. 1975) and 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2720 (3d ed. 1998) ("The weight of authority . . . is that summary judgment may be rendered in favor of the opposing party even though the opponent has made no formal cross-motion under Rule 56.").

    3. *Application of Summary Judgment Standards*

A critical issue at heart of this dispute is the as yet undetermined liability of the Plaintiff to Mrs. Crotty in connection with the remaining balance on the Notes. That issue has now been property raised by Mrs. Crotty through her complaint against the Plaintiff in the State Court Action and is an issue only the Superior Court can decide.

This Court, of course, is cognizant of the fact that a determination against Mrs. Crotty in the Superior Court would be fatal to the Complaint before this Court as there

11

would be no debt to "indemnify or hold harmless" in accordance with the terms of the Separation Agreement. Nevertheless, as the Debtor and the Plaintiff have appeared and spent considerable time and effort in this Court on the matter, the Court, after concluding that Mrs. Crotty may very well prevail in the Superior Court as to the Plaintiff's liability related to at least one of the Notes,[10] determined it appropriate to address and resolve the pure bankruptcy nondischargeability issue before the existence and monetary amount of a the Plaintiff's liability to Mrs. Crotty is actually determined in the Superior Court.[11]

## V. DISCUSSION

Under these circumstances the issue before this Court is limited to whether the Plaintiff's liability to Mrs. Crotty in a monetary amount, if any, as determined or to be determined in the State Court Action, by operation of Separation Agreement's provision that the Debtor *shall indemnify and hold harmless [the Plaintiff] re same"* is a nondischargeable debt in this Bankruptcy Case as to the Plaintiff under §523(a)(15). That

---

[10] As to the Plaintiff's liability to Mrs. Crotty, the Court observes but does not determine that as to the First Note there appears to be a reasonable possibility, if not a likelihood, that Mrs. Crotty will prevail in the Superior Court on the equitable ground of unjust enrichment considering, *inter alia,* (1) that the Plaintiff here, the defendant in the State Court Action, directly benefitted from the $55,000 payment in that the loan proceeds were used to eliminate her indebtedness and resulted in the release of a mortgage on property she owned; and (2), Mrs. Crotty testified before this Court that she is an elderly widow of limited financial means dependent on the repayment of the notes to enable her to support herself and her disabled son. *See Nation Elec. Contr., LLC v. St. Dimitrie Romanian Orthodox Church*, 144 Conn. App. 808, 815, 2013); *New Hartford v. Connecticut Resources Recovery Authority*, 291 Conn. 433, 451-52 (2009) *(noting*, that the "doctrine of unjust enrichment is essentially equitable" and that one of three requisite elements is "the failure of payment was to the plaintiffs' detriment.").

As to the Second Note, the Court observes but does not determine that there appears to be a possibility, but not a likelihood, that Mrs. Crotty will prevail in the Superior Court whether on an oral contract basis or on the equitable grounds of unjust enrichment as it does not appear to be disputed that the Plaintiff was unaware of the loan represented by the Second Note until after the loan was made and the Second Note executed; that the Debtor alone contacted Mrs. Crotty to request the loan, and Mrs. Crotty did not in advance of that loan discuss it with Plaintiff.

[11] Stated differently, the Court would not have undertaken to resolve the nondischargeability issue herein were it clear that Mrs. Crotty would fail to obtain any relief in the Superior Court.

section provides, in relevant part:

> (a)    A discharge under section 727 . . . does not discharge an individual debtor from any debt --
> . . .
>
> > (15)   to a spouse, former spouse . . . of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . .;

The facts related to this focused issue are simple and not in dispute. As the Debtor received a Discharge, the Plaintiff is his former spouse, and the "debt"[12] relevant to the Complaint was incurred by the Debtor in the course of a divorce or in connection with the Separation Agreement, satisfying the elements for nondischargeability of §523(a)(15), the Court finds that a determination in the State Court Action that the Plaintiff has monetary liability to Mrs. Crotty, represents, by operation of the indemnity and hold harmless provisions of the Separation Agreement, a debt in that monetary amount by the Debtor to the Plaintiff that is nondischargeable pursuant to §523(a)(15), that is, a debt that is excepted from the operation of the Debtor's Discharge.

The Debtor's argument, which he raises for the first time in his January 9 Memorandum, that the plain language of the Settlement Agreement only requires indemnification to the extent the Plaintiff is found liable to repay the loan amounts under the Notes themselves, does not alter this conclusion. That argument carries no weight because at the time the Settlement Agreement was entered into, it was clear that Plaintiff

---

[12] The term "debt" is defined by the Bankruptcy Code as "liability on a claim". 11 U.S.C. § 101(12). The term "claim", in turn, means "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, . . . or . . . right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . . ." 11 U.S.C. § 101(5)(A) & (B) (2015)." *See In re All-Type Printing, Inc.*, 274 B. R. 316, 321 (Bankr. D. Conn. 2002), *affirmed, In re All-Type Printing, Inc.,* 3:02 - CV -785 (D. Conn. January 14, 2003).

had not signed the Notes herself and the Debtor himself testified before this Court that he did not believe she had any liability under the Notes. Therefore, the Settlement Agreement must have meant that he would indemnify her to the extent she was found to have any liability arising in connection with the Notes, which may very well be determined in favor of the Plaintiff by the Superior Court. *See* fn. 10.  Further, for practical reasons, an indemnification provision cannot be read so narrowly as to exclude any causes of action for recovery asserted against the spouse protected thereunder that are not explicitly set forth in a separation agreement.

      The Debtor's argument also ignores other language in the Settlement Agreement, ¶10, which would also require the Debtor to be responsible for the debt.  In particular, the relevant language provides that "[e]xcept as otherwise provided therein, each party shall be responsible for each debt listed on that party's Financial Affidavit and for any other debt(s) which that party has incurred or contracted for, or does so hereafter, and the party responsible for any such debt shall keep the other party free, harmless and indemnified of and from each such debt for which each party is responsible under this section."  On the Debtor's Financial Affidavit, the Debtor listed the debts as owed to "[Mrs.] Crotty" with no mention of the Notes, while as noted earlier, the Plaintiff's Financial Affidavit does not list Mrs. Crotty at all.  Therefore, even if the Debtor is correct that his referenced language which makes specific reference to the Debtor's sole responsibility for the "two (2) promissory notes payable to [Mrs.] Crotty" and his obligation to "indemnify and hold the Plaintiff harmless re same," limits his liability to the Plaintiff to her liability on the Notes, he is still bound by the language of the more general indemnification and hold harmless provision.

## VI. CONCLUSION AND ORDER

For the reasons set forth above, and the Court having determined that the Motion to Dismiss must be converted to one for summary judgment, the Court finds that any monetary liability as determined or which may be determined in the State Court Action between Mrs. Crotty, as the plaintiff therein, and the Plaintiff, as the defendant therein, by operation of the indemnity and hold harmless terms of the Separation Agreement, constitutes a nondischargeable debt owed by the Debtor to the Plaintiff pursuant to Bankruptcy Code Section 523(a)(15), in accordance with which:

**IT IS HEREBY ORDERED** pursuant to Rule 12(d), Federal Rules of Civil Procedure, the Motion to Dismiss is converted to one for Summary Judgment, and

**IT IS FURTHER ORDERED** that Summary Judgment shall enter in favor of the Plaintiff determining that any monetary liability as determined or which may be determined in the State Court Action between Mrs. Crotty and the Plaintiff, Corrine Sawyer, is a nondischargeable debt of the Debtor to the Plaintiff pursuant to Bankruptcy Code Section 523(a)(15), and therefore is not subject to the Debtor's Discharge in Bankruptcy Case No. 13-22062, and

**IT IS FURTHER ORDERED** that Count Two of the Complaint is **DISMISSED**,[13] and

---

[13] In accordance with the Plaintiff's agreement on the record of August 7, 2014. *See* fn. 2, *supra*.

**IT IS FURTHER ORDERED** that pursuant to Rule 56, Federal Rules of Civil Procedure, Summary Judgment as set forth above shall enter simultaneously herewith.

Dated: March 30, 2015                                               BY THE COURT

                                                                   Albert S. Dabrowski
                                                                   United States Bankruptcy Judge